[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 20, 1997
The defendant, Arthur, Harris and Associates, Inc., moves to dismiss the complaint filed by the plaintiff, BICC Brand-Rex Company, based on a lack of personal jurisdiction. This matter presents the issue of whether a Connecticut manufacturer can subject its sales representative, working outside of Connecticut, to suit in Connecticut for a dispute arising from that representation.
This action was begun on January 2, 1997. The defendant's counsel filed an appearance on behalf of the defendant on January 28, 1997, and filed this motion on February 25, 1997. A hearing on the motion occurred on March 17, 1997.
Based on the pleadings and affidavits and documents submitted by the parties, the court finds the following facts. The plaintiff, a Delaware corporation whose principal place of business is located in Connecticut, in October 1993, hired the defendant, a North Carolina based corporation, to be the plaintiff's sales and service representative for a territory covering Alabama, Georgia, Mississippi, North Carolina, and South Carolina. The defendant has no other Connecticut clients. The plaintiff maintains control over the policies pertaining to the sale of its products and retains authority to accept or reject sales procured by the defendant. Consummated sales are filled by shipment of the product from Connecticut to the customer. The defendant is paid by commission, and the commission payment is sent from Connecticut to the defendant in North Carolina. The defendant solicits and processes customers for the plaintiff only within the southeastern region enumerated above. The only contact the defendant's staff has with Connecticut is rare visits for CT Page 2605 purposes of training and familiarization regarding the plaintiff's product line.
The complaint seeks declaratory and injunctive relief regarding a dispute between the parties over the amount of commissions earned by the defendant. The defendant has also filed suit against the plaintiff in North Carolina concerning this disagreement.
The defendant moves, under Practice Book §§ 142 and 143 to dismiss this action because the court lacks personal jurisdiction over the defendant, a foreign corporation. In the alternative, the defendant requests that the court decline jurisdiction under the doctrine of forum non conveniens.
When addressing a motion to dismiss an action against a foreign corporation for lack of personal jurisdiction, the court must first decide whether that corporation falls within the ambit of our "long-arm" statute. G.S. § 33-929, superceding former § 33-411, Knipple v. Viking Communications, 236 Conn. 602,606 (1996); Lombard Bros, Inc. V. General Asset Management Co.,190 Conn. 245, 250 (1983). The burden of proving the applicability of the long-arm statute rests with the plaintiff.Knipple v. Viking Communications, supra.
Subsection (e) of § 33-929 sets forth the various circumstances which subject foreign corporations to suit in Connecticut. The parties agree that only § 33-929 (e)(1) applies to the present case. That particular subsection provides that a foreign corporation can be required to defend in Connecticut against a claimed cause of action arising "[o]ut of any contract made in this state or to be performed in this state." The parties also concur that the contract was made outside of Connecticut. The parties disagree as to where the contract was to be performed.
The resolution of this question. therefore, hinges on whether the contract between the parties was to be performed substantially within or without Connecticut. The court agrees with the defendant that performance of the substance of the parties' agreement was to occur outside of our state. The salient portions of the written agreement indicate that the primary purpose of the agreement was to hire the defendant "to sell and service Brand-Rex Company products" in the southeast region of the country. The plaintiff's reservation of the right to set CT Page 2606 policy and give final approval to sales in Connecticut appears incidental to the goal of having the defendant obtain customers for the plaintiff in the specified territory. The delivery of goods from Connecticut to those customers has little bearing on the matter. That delivery might have a bearing on the focus of performance of the plaintiff's contract with its customers but not as to its contract with the defendant, its sales representative.
The court concludes that the plaintiff has failed to meet its burden of establishing that the agreement between the parties was to be performed in Connecticut. Consequently, the defendant is not subject to suit in Connecticut under the long-arm statute.
The motion to dismiss is granted
SFERRAZZA, J.